IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **BRIA WATSON,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-21-2280 |
| **MARYLAND DEPARTMENT OF LABOR, DIVISION OF UNEMPLOYMENT INSURANCE** | * * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Bria Watson, proceeding *pro se*, brings this civil action against Defendant Maryland Department of Labor, Division of Unemployment Insurance for violating her right to receive Maryland unemployment insurance benefits.[1] Pending before the Court is Defendant's Motions to Dismiss, ECF No. 5. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendant's motion is granted.

**I.  BACKGROUND**

  **A. Factual Background**

Plaintiff, a resident of Maryland, alleges that Defendant violated her rights by failing to provide her with unemployment insurance benefits. ECF No. 1 ¶ 1. In the Complaint, Plaintiff outlines her employment history as a technology contractor, between October 2019 and April 2021. *Id.* ¶¶ 3, 6. Specifically, from October 2019 to March 2020, Plaintiff was employed by Capstone and assigned to work at The Pentagon, in Virginia. *Id.* ¶ 6. From March 2020 to March

---

[1] Unless stated otherwise, all facts are taken from Plaintiff's Complaint, ECF No. 1, and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

2021, Plaintiff performed a similar technology support function for Serco, Inc., a company also located in Virginia. *Id.* Plaintiff then worked for technology contractor Tech Marine Business, LLC at their offices in the District of Columbia from March 2021 until she was terminated on or around April 21, 2021. *Id.* ¶¶ 3, 4.

Plaintiff alleges that she first filed for unemployment insurance benefits with Defendant via an online portal on April 21, 2021. *Id.* ¶ 6. Plaintiff did not receive a response to this application, nor to subsequent submissions on June 15, 2021 and July 1, 2021. *Id.* ¶¶ 7–11. She also alleges that she made over 100 calls, all of which went unanswered. *Id.* ¶ 11. Plaintiff contends that she is entitled to $19,570 and that she has "suffered and continue[s] to suffer in catering for [her] family needs, paying [her] bills, [and] most importantly, [her] rent." *Id.* ¶ 13.

### B. Procedural Background

Plaintiff filed a Complaint against Defendant on September 3, 2021, ECF No. 1. On October 12, 2021, the Clerk of Court issued a summons, which Plaintiff returned as executed on December 13, 2021, ECF No. 4. On January 6, 2021, Defendant filed the now pending Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) and (h)(3), ECF No. 5. Plaintiff has not opposed the Motion. On February 1, 2022, Defendant filed an Answer, ECF No. 7.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Indeed, the absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence . . . Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (internal citations omitted). If necessary, the court

has an obligation to consider its subject-matter jurisdiction *sua sponte*. B*rickwood Contractors, Inc. v. Datanet Eng'g*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court.").

Moreover, this court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### III.   DISCUSSION

Federal district courts have jurisdiction to hear only "civil actions arising under the Constitution, laws, or treaties of the United States" and "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. §§ 1331, 1332(a)(1). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). And the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

3

Here, Plaintiff claims that the Court has federal question jurisdiction over her Complaint and identifies the Administrative Procedure Act ("APA") as the statute under which she has filed her lawsuit. ECF No. 1-1 at 1.[2] The factual allegations in Plaintiff's Complaint, however, involve a purported denial of unemployment insurance benefits by Defendant, a Maryland state agency. *See* ECF No. 1 ¶¶ 6–12. Plaintiff's claims, when construed liberally in her favor, amount, at best, to claims for the payment of unemployment insurance benefits. Such claims typically arise under state, not federal law, and Plaintiff has not cited to a relevant provision in the APA or explained how the APA is relevant to her claim. The Complaint raises no other claims arising under the Constitution or laws of the United States; therefore, the Court lacks federal question jurisdiction under 28 U.S.C. § 1331. *See Graham v. Keypoint Health Servs., Inc.*, No. 21-cv-2703-DLB, 2021 WL 5448730, at *1 (D. Md. Nov. 22, 2021), *aff'd sub nom. Graham v. Key Point Health Servs., Inc.*, No. 22-1031, 2022 WL 1576536 (4th Cir. May 19, 2022).

The Court also lacks diversity jurisdiction over Plaintiff's Complaint. As mentioned above, District courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, there must be "complete diversity," meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (internal citation omitted).

Here, however, Plaintiff's own allegations reveal that the parties lack complete diversity and that Plaintiff's sought-after relief fails to reach the $75,000 threshold required by Section 1332(a)(1). Plaintiff is a resident of Maryland, *see* ECF No. 1 ¶ 1, and Defendant, as Plaintiff describes it, "is a division within the Maryland Department of Labor (a government agency in

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

the U.S.A. State of Maryland)." *Id.* ¶ 2. Further, she provides Maryland addresses for herself as well as Defendant agency. *Id.* ¶¶ 1–2. For purposes of diversity jurisdiction, then, both Plaintiff and Defendant appear to be citizens of Maryland and Plaintiff cannot show complete diversity of citizenship between the parties. *See Pearsall v. Warden of Baltimore Cnty. Det. Ctr.*, No. 21-cv-1201-JKB, 2021 WL 2141478, at *2 (D. Md. May 26, 2021). Moreover, Plaintiff alleges that she is owed a cumulative amount of $19,570 in unemployment insurance benefits, which is clearly below the required $75,000 threshold. *See* 28 U.S.C. § 1332(a)(1).

Accordingly, the Court must dismiss Plaintiff's Complaint, without prejudice, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). *See Evans v. Shipley Homestead Homeowners, Associates, Inc.*, No. 21-cv-2286-DLB, 2021 WL 4339203, at *1 (D. Md. Sept. 23, 2021). "This dismissal does not prejudice plaintiff's right to present [her] claims in the Maryland state courts." *Graham*, 2021 WL 5448730, at *1.[3]

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 5, is granted. A separate Order follows.

Date: <u>July 15, 2022</u>                                            ___/s/_____
                                                                                    GEORGE J. HAZEL
                                                                                    United States District Judge

---

[3] Because the Court finds that it lacks subject matter jurisdiction over Plaintiff's case, the Court need not address Defendant's failure to state a claim argument under Fed. R. Civ. Pro. 12(b)(6).